(No. 15071.—Writ awarded.)

THE PEOPLE *ex rel.* B. W. Alpiner *et al.* Petitioners, *vs.* THE BOARD OF SUPERVISORS OF KANKAKEE COUNTY, Defendant.

*Opinion filed October 21, 1922.*

1. ELECTIONS—*county board must appoint but may not select judges of election.* The power to select judges of election under section 33 of the general Election law rests with the different political groups of the members of the board of supervisors as provided in said section, and the power of the county board, acting as such, is limited to appointment after the selection has been made by the political groups, acting as representatives of their respective political parties and not as members of the board of supervisors.

2. SAME—*when the county board must appoint minority judges selected by chairman of party committee—mandamus.* Under section 33 of the general Election law, if all members of the board of supervisors belong to the political party casting the highest number of votes in the county at the last general election for Governor, except those elected as independents on non-political tickets, the chairman of the county central committee of the political party casting the next highest number of votes at said election may select the persons to serve as minority judges of election, and the board may be compelled by *mandamus* to appoint them.

ORIGINAL petition for *mandamus.*

JOHN H. BECKER, and HARRY D. PARKER, for petitioners.

ANKER C. JENSEN, State's Attorney, LUTHER B. BRATTON, HENRY F. RUEL, and JOHN A. MAYHEW, for defendant.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This is an original proceeding brought in this court at the relation of the chairman and secretary of the democratic county central committee of the county of Kankakee, praying that a writ of *mandamus* issue, directed to the board of supervisors of said county, commanding it forthwith to appoint as democratic judges of election in each election precinct in the county persons selected by relators as chairman and secretary of the democratic county central committee, and for such further order as justice may require. The respondent has filed a general demurrer to the petition.

The facts are not in dispute. Kankakee county is under township organization. The board of supervisors consists of twenty-five members, twenty-two of whom are members of and belong to the republican party and were elected members of the board of supervisors as republicans, and three of whom were elected as members of said board on non-political tickets. None of the members of the board of supervisors were elected as democrats, and, so far as their membership on the board of supervisors is concerned, none of them are members of or belong to the democratic party. At the general election in November, 1920, the republican candidate for Governor received the highest number of votes at the election for Governor in each and every election precinct in the county, and the democratic candidate

for Governor received the second highest number of votes for Governor in each and every one of the election precincts. At the June, 1922, meeting of the board of supervisors three persons were selected and appointed to serve as judges of election in each of the election precincts. Since no member of the board of supervisors had been elected as a democrat, and since there was no member of the board of supervisors who by his election on the democratic ticket was authorized to represent that party, the chairman of the democratic county central committee, acting with the secretary of the committee, selected thirty-one persons who possessed all the qualifications of judges of election and who belonged to and were members of the democratic party, and through one of the members of the board of supervisors who had been elected on a non-political ticket the chairman of the democratic county central committee presented the list so selected by him to the board of supervisors and asked that said persons be named as the minority judges of election in the several precincts in which they resided. The board of supervisors refused to name the persons so selected by the chairman of the democratic county central committee and named in their stead persons selected by some member or members of the board of supervisors.

In *People* v. *Board of Supervisors,* 223 Ill. 187, the democratic majority of the board of supervisors of Edgar county refused to name the judges selected by the republican minority of said board, and a proceeding similar to this was instituted to coerce the board to appoint the persons selected. In discussing the questions presented this court said that the purpose of the statute was to prevent the majority of a partisan county board from selecting as minority judges persons who, though they might be members of the minority political party, by reason of inexperience, timidity, want of party zeal, or otherwise, might not represent upon the board of election judges the party to which they nominally belonged. Under section 33 of an

act in regard to elections the county board does not have the power to select persons to serve as judges of election but their power is limited to that of appointment. The power of selection is delegated by statute to a body outside of the county board. If there are on the county board members who belong to the political party casting the highest number of votes at the preceding general election for Governor and members who belong to the political party casting the second highest number of votes at the election, then the power of selection of the persons to serve as judges of election rests with these two groups of members, acting as representatives of their respective political parties, and not as members of the board of supervisors. The selections so made by these groups shall be appointed by the board of supervisors. If the board of supervisors is composed of members who belong to one political party entirely, then the chairman of the county central committee of the political party casting the next highest number of votes in the county at the preceding general election selects the persons to serve as minority judges of election, and the board of supervisors must appoint the persons so selected. Other provisos in section 33 are immaterial here.

While it does not appear in this case that the board of supervisors is composed of members who belong to one political party entirely, it does appear that all of the members who were elected on political tickets are of the same political faith, and there are no members of the board of supervisors elected as representatives of the political party casting the next highest number of votes in the county of Kankakee at the general election for Governor in 1920. This being true, it was the duty of the board of supervisors to name as the minority judges of election the persons selected by relators. The demurrer will therefore be overruled and the writ of *mandamus* will be awarded as prayed.

*Writ awarded.*